IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

**UNITED STATES OF AMERICA,**

v.

**KEVIN ALEXIS ARAGON-ROSALES,**

**Defendant.**

Case No. 3:23-CR-00062-RAM-RM-2

## PLEA AGREEMENT

This plea agreement is entered into by and between the United States of America, by and through its counsel, Delia L. Smith, United States Attorney for the District of the Virgin Islands, and Yasir Sadat, Assistant United States Attorney, and defendant Kevin Alexis Aragon-Rosales, ("Defendant"), and Frederic Chardon Dubos, Esq., counsel for Defendant. This plea agreement specifically excludes and does not bind any other federal, territorial, state, or local prosecuting authorities, or any federal agency, including the Internal Revenue Service, and other administrative or regulatory authorities, from asserting any civil, criminal, or administrative claim against Defendant.

### I.   TERMS

The parties agree to the following terms:

a.  Defendant will plead guilty to Count Two of the Information which charges Possession of a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), and 70506(a) and (b), and carries the following maximum penalties:

   1. a term of imprisonment of not more than twenty (20) years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty (20) years and not more than life;

   2. a term of supervised release of at least three (3) years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

U.S. v. Aragon-Rosales, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 2

      3.    a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both;

      4.    a special assessment of $100.00 per felony under 18 U.S.C. § 3013 payable forthwith;

      5.    possible ineligibility for certain federal benefits; and



    b.    On Count Two of the Information, Defendant acknowledges that the United States can prove the following essential elements beyond a reasonable doubt:

- First, that Defendant possessed a mixture or substance containing a controlled substance;

- Second, that Defendant possessed the controlled substance knowingly or intentionally;

- Third, that Defendant intended to distribute the controlled substance;

- Fourth, that the controlled substance was cocaine, a Schedule II narcotic; and

- Fifth, Defendant did so while on board a vessel subject to the jurisdiction of the United States.[1]

    c.    Defendant is pleading guilty because Defendant is in fact guilty of the charge contained in Count Two of the Information. In pleading guilty, Defendant acknowledges that should the case go to trial, the United States could present evidence to prove the charge beyond a reasonable doubt. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable United States benefits and civil rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal, or other adverse

---

[1] Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge. 46. U.S.C. § 70504(a).

U.S. v. Aragon-Rosales, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 3

immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from United States contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this plea agreement or otherwise disclosed to the Court. No one has threatened Defendant or Defendant's family to induce this guilty plea.



d.      **Factual Basis**. Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime to which Defendant is pleading guilty and admits that there is a factual basis for Defendant's guilty plea. The following facts are true and undisputed:

On or about July 26, 2023, while on routine patrol in the eastern Pacific Ocean, approximately 170 nautical miles south of Lazaro Cardenas, Mexico, the United States Coast Guard (USCG) Cutter Active observed a Go Fast Vessel (GFV) whose occupants jettisoned one (1) bale of suspected contraband. The bale was recovered and more suspected contraband was observed being thrown overboard by occupants of the GFV. The USCG Cutter Active diverted its course to recover all contraband thrown overboard and continued their pursuit of the GFV.
The GFV was suspected of being involved in illicit maritime activities based on several factors: the GFV was in international waters displaying no indicia of nationality, fuel barrels were observed on deck, suspected contraband being jettisoned overboard, and the GFV was operating at a high rate of speed in a known drug-trafficking area. Additionally, the GFV was not flying a flag, had only a partial registration number, had no registration documents and no name or home port were painted on the hull. Based on these factors, the GFV was treated as a vessel without nationality and a full law enforcement boarding was commenced.
The USCG asked the occupants of the vessel who was in charge. None of the occupants of the vessel claimed to be the captain when asked. However, all the occupants claimed Mexico as the nationality of the vessel. Mexican officials could neither confirm nor deny the nationality of the vessel, therefore it was treated as one without nationality. The occupants of the vessel were identified as Jose Angel Montoya-Rivera, Angel Perez-Pineda, Sergio Rogelio Alvineda-Soto, and the Defendant, all claiming Mexican nationality.
A total of six (6) bales of contraband were recovered by USCG personnel. The total weight of the contraband was approximately 202.3 kilograms. The contraband was later sent to a Drug Enforcement Administration (DEA) lab which tested the contraband and determined that it contained cocaine.

e.      The United States Attorney for the District of the Virgin Islands agrees to dismiss any remaining counts that are charged in the Information with prejudice at the time of sentencing. Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against Defendant arising out of the same transaction or occurrence to which Defendant has pled.

f.      Nothing in this plea agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

*U.S. v. Aragon-Rosales*, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 4

      g.    Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Removal and other immigration consequences is the subject of a separate civil proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nonetheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's conviction may entail, even if the consequence is Defendant's automatic removal from the United States.

      h.    The United States represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to defendant or to Defendant's counsel. The United States will continue to provide such information establishing the factual innocence of Defendant.

      i.    Defendant understands that if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

      j.    Defendant acknowledges, understands, and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this plea agreement, such violation or failure to perform will constitute a material breach of this agreement. Defendant acknowledges, understands, and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

          1.    Failing to plead guilty pursuant to this plea agreement;

          2.    Withdrawing the guilty plea or attempting to withdraw the guilty plea;

          3.    Failing to fully accept responsibility as noted below;

          4.    Failing to appear in court;

          5.    Failing to abide by any lawful court order related to this case;

          6.    Appealing or collaterally attacking the sentence or conviction in violation of this plea agreement; or

7. Engaging in additional criminal conduct from the time of this plea agreement until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this plea agreement. In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

k. **Provisions that Survive Any Material Breach by Defendant.** The United States may, in its sole discretion, excuse any material breach by Defendant. Defendant agrees that any statutes of limitations relating to any charge that were dismissed, promised to be dismissed, or not filed as a result of this plea agreement, are tolled as of the date of this agreement. Defendant also waives any double jeopardy defense to such charges.

Defendant agrees that: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this plea agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge that the prosecution agreed to dismiss or not file as part of this plea agreement, but later pursues because of a material breach by Defendant.

Defendant also knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that these statements or any evidence derived from those statements should be suppressed or are inadmissible. The provisions of this section survive any material breach by Defendant, including a failure to plead guilty, regardless of whether the United States excuses the material breach.

## II. SENTENCING GUIDELINES

The parties understand and agree that Defendant will be sentenced on Count Two of the Information, in accordance with the United States Sentencing Guidelines, which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of Defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.

The United States and Defendant agree to recommend a sentence based on the following Sentencing Guidelines calculations for Count Two of the Information:

U.S. v. Aragon-Rosales, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 6



| GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SECTION** | **OFFENSE LEVEL** |
| **Base Offense Level:** § 2D1.1(c)(2) (*At least 150 kilograms but less than 450 kilograms of Cocaine*) | 36 |
| **Adjustment of Certain Zero-Point Offenders** | -2 |
| **Acceptance of Responsibility § 3E1.1**[2]: The United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following: <br> 1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea agreement is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement; <br> 2. Falsely denies prior criminal conduct or convictions; <br> 3. Is untruthful with the United States, the Court, or probation officer; or <br> 4. Breaches this plea agreement in any way. | -3 |
| **Mitigating Role § 3B1.2** (*Defendant was a minor participant in the criminal activity*) | -2 |
| **§ 2D1.1(a)(5)** ("Base Offense Level is...the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) ... (ii) level 34 or level 36, decrease by 3 levels...") | -3 |
| **ADJUSTED OFFENSE LEVEL** | 26 |

---

[2] The United States agrees to recommend that Defendant receive credit for acceptance of responsibility at the time of sentencing, assuming Defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with U.S.S.G. § 3E1.1. Assuming Defendant does in fact accept responsibility, the United States agrees to also file a motion requesting that Defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (i) the Court determines that the total combined offense level is 16 or greater prior to the operation of U.S.S.G. § 3E1.1; (ii) Defendant returns a signed copy of this plea agreement to the undersigned no later than February 20, 2024; and, (iii) Defendant thereafter actually enters a plea of guilty at the time scheduled.

U.S. v. *Aragon-Rosales*, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 7

| GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SENTENCING RANGE** | 63 – 78 Months |

a. **Criminal History Category**. The parties have no agreement as to Defendant's Criminal History Category ("CHC"), except that, if Defendant is determined to be a Career Offender, the parties agree that Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b). However, based upon the information currently in the parties' possession, the parties believe Defendant to be in CHC I. Should Defendant's CHC be greater than I, the parties agree to apply that CHC to the applicable guideline range for the calculations set forth above.

b. **Sentencing Recommendation.** The United States agrees to recommend a sentence within the guideline range sentence, as calculated above and as determined by the Court, and based on Defendant's CHC, or the statutory mandatory minimum should it be greater than the guideline calculation.

c. **Fine Range.** If the offense level is 26, the fine range is $25,000 to $250,000; (U.S.S.G. § 5E1.2.)

d. **Supervised Release.** The United States will recommend a term of three years of supervised release. Defendant acknowledges and agrees that Defendant may not seek an early termination of the term of supervised release absent express consent by the United States Attorney for the District of the Virgin Islands.

e. **Adjustments/Departures.** Except as noted herein, the parties agree that there are no grounds for adjustments or departure from the applicable guideline range. The parties further agree that, if Defendant meets the criteria set forth in paragraphs (1) through (5) of subsection (a) of U.S.S.G. § 5C1.2 (*Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*), then Defendant will be eligible for an additional 2-level reduction from the base offense level. Any other request by the parties for an adjustment or departure not enumerated in this plea agreement will constitute a material breach and be grounds for withdrawal from the same.

f. **Substantial Assistance.** If Defendant agrees to provide substantial assistance in the investigation or prosecution of another person, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this plea agreement and shall define the terms of such assistance or cooperation, if any.

### III.  FINANCIAL TERMS

a. Defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees that whatever monetary penalties are imposed by the Court will be due and

*U.S. v. Aragon-Rosales*, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 8

payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613.

b.　Defendant agrees to fully disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein, which is incorporated into this plea agreement, by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in Defendant's economic circumstances, as described in 18 U.S.C. §§ 3572(d)(3) and 3664(k), within seven days of the event giving rise to the changed circumstances.

c.　Defendant expressly authorizes the United States Attorney's Office to obtain a credit report. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

d.　Defendant agrees, prior to sentencing, to pay the Clerk of Court the sum of $300.00, which shall be held by the Clerk to satisfy whatever monetary penalties are imposed by the Court.

e.　Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

## IV.　WAIVER

a.　**At Sentencing**. If Defendant believes the United States' recommendation is not in accordance with this plea agreement, Defendant will object at the time of sentencing. Otherwise, the objection will be deemed waived.

b.　**Waiver of Appeal**. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the concessions made by the United States in this Plea Agreement, Defendant expressly waives: (1) the right to appeal his conviction, any sentence within the maximum provided in the statute(s) of conviction, and the manner in which that sentence was determined, on any ground whatsoever; and (2) the right to file any collateral attack, or any other writ or motion, including but not limited to a motion under 28 U.S.C. § 2255, which challenges his conviction or the sentence imposed by the court. Nothing in the foregoing waiver of rights shall preclude Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.

U.S. v. Aragon-Rosales, Case No. 3:23-CR-00062-RAM-RM-2
Plea Agreement
Page 9

## V. MISCELLANEOUS

    a.    No modification of this plea agreement shall be effective unless in writing signed by all parties.

    b.    By signing this Plea Agreement, Defendant certifies that Defendant has read it or that it has been read to Defendant in Defendant's native language. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

    c.    Defendant has consulted with defense counsel and is satisfied with counsel's representation.

Respectfully submitted,

DELIA L. SMITH
United States Attorney

Dated: 02/23/2024

Michael J. Conley
Criminal Chief

Dated: 02/23/2024

Yasir Sadat
Assistant United States Attorney

Dated: FEB 22, 2024

Frederic Chardon Dubos
Counsel for Defendant

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

Dated: Feb 22 2024

Kevin Alexis Aragon-Rosales
Defendant